IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ESTEVAN ESPINOZA, JR.,                §
                                       §
            Petitioner,                §
                                       §
V.                                     §
                                       §        No. 3:13-cv-3686-L-BN
WILLIAM STEPHENS, Director             §
Texas Department of Criminal Justice,  §
Correctional Institutions Division,    §
                                       §
            Respondent.                §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Estevan Espinoza, Jr., a Texas prisoner, has filed an petition for writ

of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated below,

Petitioner's habeas application should be dismissed on limitations grounds.

### Background

Petitioner challenges his convictions and sentences in Cause Nos. F-0451774-Y

and F-0451775-Y in Criminal District Court No. 7, Dallas County, Texas. *See* Dkt. No.

1 at 2; Dkt. No. 14 at 10; Dkt. No. 25 at 1; *see also* RULES GOVERNING SECTION 2254

CASES IN THE UNITED STATES DISTRICT COURTS 2(e); *Hardemon v. Quarterman*, 516

F.3d 272, 275 (5th Cir. 2008) (a petitioner may challenge multiple convictions from the

same court in a single habeas petition).

A jury convicted Petitioner of aggravated sexual assault of a child in Cause No.

F-0451775-Y, and the jury assessed punishment of life imprisonment on February 9,

2007. *See* Dkt. 22-4 at 119. Petitioner then pleaded guilty in Cause No. F-0451774-Y, also on February 9, 2007, and Petitioner received a twenty-five year sentence on that same date, with the sentences to be concurrent.

Petitioner states that he did not use the prison mail system to submit his federal habeas corpus petition. *See* Dkt. No. 25 at 8. The federal petition was filed on September 5, 2013 in the United States District Court for the Southern District of Texas, which transferred the petition to this Court. *See* Dkt. No. 1.

Regarding Cause No. F-0451774-Y, Petitioner contends that he received ineffective assistance of counsel and that his guilty plea was involuntary. *See* Dkt. No. 1 at 7-8; Dkt. No. 14 at 2-9. Regarding Cause No. F-0451775-Y, Petitioner claims that he received ineffective assistance of trial and appellate counsel, that the State failed to disclose impeachment material,[1] that he was denied the right to cross-examine a witness, that he did not receive adequate notice of the State's intent to use extraneous offense evidence, and that the trial court admitted hearsay testimony. *See* Dkt. No. 14 at 10-26.

Respondent has submitted a preliminary response to Petitioner's Section 2254 petition in which he asserts that this case is barred by the Antiterrorism and Effective Death Penalty Act ("AEDPA") statute of limitations. *See* Dkt. No. 18. Petitioner argues

---

[1] Petitioner asserts the record shows that defense counsel reviewed the impeachment material, and Petitioner argues that he was not allowed to use it for impeachment. Petitioner is not alleging the State failed to disclose information to Petitioner or his attorney. Therefore, the factual basis of this claim was available at the time of trial.

that his petition is not time-barred. *See* Dkt. No. 25.

## Legal Standards

Section 2254 federal habeas corpus proceedings are governed by a one-year statute of limitations. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214 (1996), *codified at* 28 U.S.C. § 2244(d). The statute provides that the limitations period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Based upon Petitioner's claims, Section 2244(d)(1)(A) applies.

The time during which an application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2). To toll the limitations period, the application must have been properly filed. *See id.*; *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *See, e.g.*, *United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th

Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)). Equitable tolling

principally applies where the respondent actively misled the petitioner about the case,

or where something extraordinary prevented petitioner from asserting his rights.

*Flores v. Quarterman*, 467 F.3d 484, 486 (5th Cir. 2006). The petitioner has the burden

of establishing entitlement to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511

(5th Cir. 2000). A petitioner's *pro se* status, lack of legal training, or ignorance of the

law do not justify equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th

Cir. 2000). When faced with the possibility of more than one AEDPA limitations

deadline, a petitioner should err on the side of caution and abide by the earliest

possible deadline. *See Flores v. Quarterman*, 467 F.3d at 486-87. "In order for equitable

tolling to apply, the applicant must diligently pursue his § 2254 relief." *Coleman v.*

*Johnson*, 184 F.3d 398, 403 (5th Cir. 1999).

## Analysis

Cause No. F-0451774-Y

Pursuant to a plea of guilty in Cause No. F-0451774-Y, Petitioner was found

guilty of aggravated sexual assault of a child, and he was sentenced on February 9,

2007. Petitioner states that he filed a motion to withdraw his guilty plea on February

14, 2007, but he mistakenly filed it in Cause No. F-0451775-Y. *See* Dkt No.25 at 17, 19.

A letter dated March 12, 2007 from the Deputy District Clerk informed Petitioner that

he filed it in the wrong cause number. *See id.* at 18. Petitioner states that he then filed

the motion in Cause No. F-0451774-Y in March 2007, but after March 12, 2007. *See*

Dkt. No. 14 at 7; Dkt. No. 25 at 19. The motion does not appear in the state court

records, which consist of the state habeas corpus records and the appellate record regarding Petitioner's motion for DNA testing.

Petitioner claims that the motion to withdraw his guilty plea was a notice of appeal. However, the motion, *see* Dkt. No. 25 at 17, asked the trial court to allow defendant to withdraw his plea of guilty, and it did not express a desire to appeal, *see* TEX. R. APP. P. 25.2(c) ("Notice [of appeal] is sufficient if it shows the party's desire to appeal from the judgment"); *Pharris v. State*, 196 S.W.3d 369, 373 (Tex. App. – Houston [1st Dist.] 2006, pet. ref'd). The state habeas court stated that Petitioner did not file a direct appeal. *See* Dkt. No. 22-1 at 125. Thus, if Petitioner's motion to withdraw the guilty plea was filed in Cause No. F-0451774-Y, it was not a notice of appeal.

Petitioner had thirty days from the date sentence was imposed on February 9, 2007, in which to file a notice of appeal. *See* TEX. R. APP. P. 26.2(a)(1). No notice of appeal was filed. The last day on which Petitioner could have timely filed a notice of appeal was March 11, 2007, and his conviction became final at that time. *See Rodriguez v. Thaler*, 664 F.3d 954 (5th Cir. 2012).

Petitioner's motion to withdraw his guilty plea, if filed in Cause No. F-0451774-Y as alleged by Petitioner, could be construed as a motion for new trial. *See* TEX. R. APP. P. 21.1, 21.2, 21.3. But a motion for new trial was due no later than March 11, 2007, which was thirty days after sentence was imposed on February 9, 2007. *See* TEX. R. APP. P. 21.4. Petitioner admits his motion to withdraw his guilty plea was not filed in Cause No. F-0451774-Y until after March 12, 2007. *See* Dkt. No. 25 at 19. Therefore,

the motion to withdraw the plea did not extend the time in which to file a notice of appeal under Texas Rule of Appellate Procedure 26.2(b).

The AEDPA statute of limitations started to run when Petitioner's conviction became final on March 11, 2007. *See* 28 U.S.C. § 2244(d)(1)(A). His federal habeas petition was due one year later on March 11, 2008.

The earliest possible filing date for Petitioner's first state habeas corpus application challenging the conviction in Cause No. F-0451774-Y was July 11, 2009, the date on which Petitioner states that he signed the habeas corpus application. *See* Dkt. No. 19-2 at 16. Petitioner thereafter filed two more state habeas corpus applications challenging his conviction in Cause No. F-0451774-Y. *See* Dkt. No. 20-3; Dkt. No. 22-1. Petitioner's motion for DNA testing could be deemed filed no earlier than September 5, 2009, the date on which he signed the motion. *See* Dkt. No. 19-1 at 13.

Petitioner's petitions or motions for post-conviction or collateral review were filed after March 11, 2008, the date on which his federal habeas petition was due. Therefore, they did not toll the one-year limitations period.

Petitioner's federal habeas petition was not sent through the prison mail system. *See* Dkt. No. 25 at 8. The federal petition was filed on September 5, 2013. *See* Dkt. No. 1. But the AEDPA limitations ended on March 11, 2008, and his federal habeas petition is untimely.

Petitioner seeks tolling because he was not notified that he misfiled his motion to withdraw his guilty plea in Cause No. F-0451775-Y instead of in Cause No. F-

0451774-Y until after the time to appeal expired in Cause No. F-0451774-Y. Petitioner characterizes the delay in notification as a state-created impediment. But he does not show that the delay in notification violated his constitutional rights under Section 2244(d)(1)(B) so as to have a triggering date for the limitations period other than March 11, 2007.

To the extent that Petitioner seeks equitable tolling for the notification delay, he is not entitled to such tolling. Petitioner's motion was not the equivalent of a notice of appeal. The motion could have been construed as a motion for new trial. Even though the motion was untimely if it was filed in Cause No. F-0451774-Y, any delay of the state court in notifying Petitioner that he misfiled his motion to withdraw his guilty plea did not cause Petitioner to file an untimely federal petition. When Petitioner was notified of the misfiling, almost the full one year remained in the limitations period. Petitioner did not inquire about the motion in Cause No. F-0451774-Y until January 1, 2009. *See* Dkt. No. 25 at 19. Petitioner stated he believed the motion was untimely. *See* Dkt. No. 25 at 19.

Thus, Petitioner should have been aware that the motion, if filed in Cause No. F-0451774-Y, was untimely as a motion for new trial and that it had no effect on the AEDPA limitations period. Petitioner had ample to time to file his federal petition within the one-year period.

Petitioner also seeks tolling based on events related to the processing of his state habeas corpus applications. But Petitioner did not file his first state habeas application until after the AEDPA limitations period ended for his claims regarding Cause No. F-

0451774-Y. The events about which Petitioner complains all occurred after the one-year limitations expired, so they did not prevent Petitioner from timely filing his federal petition.

Cause No. F-0451775-Y

In Cause No. F-0451775-Y, a jury found Petitioner guilty of aggravated sexual assault of a child, and he was sentenced on February 9, 2007. Petitioner's conviction was affirmed on appeal. *See Espinoza v. State*, No. 05-07-00208-CR, 2008 WL 204585 (Tex. App. – Dallas Jan. 25, 2008). *See* Dkt. No. 22-4 at 85.

The Texas Court of Criminal Appeals refused the petition for discretionary review on June 11, 2008. *See Espinoza v. State*, PD-0215-08 (Tex. Crim. App. June 11, 2008). Because Petitioner did not seek a writ of certiorari from the United States Supreme Court, his conviction became final for limitations purposes 90 days thereafter, on September 9, 2008. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (after a petition for discretionary review is refused, finality is established by the expiration of the 90-day period to seek further review with the Supreme Court). His federal petition was due one year later on September 9, 2009.

The earliest possible filing date for Petitioner's first state habeas corpus application challenging the conviction in Cause No. F-0451775-Y was July 11, 2009, the date on which Petitioner states that he signed the habeas corpus application. *See* Dkt. No. 20-1 at 16. That application was dismissed on September 30, 2009, as noncompliant with Texas Rule of Appellate Procedure 73.1. *See* Dkt. No. 20-1 at 2. Thus, the state application was not properly filed within the meaning of Section

2244(d)(1)(A) and did not toll the limitations period. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000); *Wickware v. Thaler*, 404 F. App'x 856, 858 (5th Cir. 2010).

A motion for DNA testing is post-conviction or other collateral review that can toll the limitations period. *See Hutson v. Quarterman*, 508 F.3d 236, 240 (5th Cir. 2007). Petitioner filed a motion for appointment of counsel to assist Petitioner in obtaining an order for DNA testing. *See* Dkt. No. 19-1 at 7. The motion, dated May 18, 2009, stated that Petitioner wished to submit a motion for DNA testing. Petitioner claims that this was a motion for DNA testing and that tolling should have begun from May 18, 2009. But the motion was for appointment of counsel. Although Petitioner stated what he thought DNA testing would show, he asked for appointed counsel to assist with obtaining DNA testing. Therefore, the motion was not itself a motion for state post-conviction or other collateral review, and it did not toll the limitations period.

The state court granted the motion and appointed counsel for Petitioner. *See* Dkt. No. 19-1 at 8. Petitioner then filed a *pro se* motion for DNA testing on September 5, 2009, under the prison mailbox rule. *See* Dkt. No. 19-1 at 13. The trial court entered another order appointing counsel. *See* Dkt. No. 19-1 at 18. Counsel filed a motion for DNA testing on May 18, 2010. *See* Dkt. No. 19-1 at 19. The request for DNA testing was denied, which was affirmed on appeal. *See Espinoza v. State*, No. 05-11-00200-CR, 2011 WL 25572633 (Tex. App. – Dallas June 29, 2011). The petition for discretionary review was refused on November 2, 2011. *See Espinoza v. State*, PD-1499-11 (Tex. Crim. App. Nov. 2, 2011). The ninety-day period in which Petitioner could have filed

a petition for writ of certiorari is not considered to be part of the State post-conviction or other collateral review under Section 2244(d)(2), so there is no tolling for that ninety-day period. *See Lawrence v. Florida*, 549 U.S. 327, 332-34 (2007).

The AEDPA period was set to end on September 9, 2009. That period was tolled for 789 days while the DNA motion and appeal were pending from September 5, 2009 through November 2, 2011. Accounting for that tolling, the federal habeas petition was then due on November 7, 2011.

While the DNA testing appeal was pending, Petitioner filed a second state habeas corpus application, which Petitioner signed on June 23, 2011. *See* Dkt. No. 21-2 at 17. That application was dismissed on December 5, 2012, as noncompliant with Texas Rule of Appellate Procedure 73.1. *See* Dkt. No. 20-2 at 2. That second state application was not properly filed within the meaning of Section 2244(d)(1)(A) and did not toll the limitations period. *See Artuz*, 531 U.S. at 8; *Wickware*, 404 F. App'x at 858.

Petitioner filed a third state habeas corpus application, which Petitioner signed on March 8, 2013 and which was denied without written order on July 3, 2013. *See* Dkt. No. 22-3 at 2, 21. But this third state habeas application did not toll the limitations period because the AEDPA limitations period expired on November 7, 2011, which was before Petitioner filed the third state habeas application.

Petitioner's federal habeas petition was filed on September 5, 2013. *See* Dkt. No. 1. But the AEDPA limitations ended on November 7, 2011, and his federal habeas petition is untimely.

Petitioner seeks equitable tolling. He argues that he did not receive notice when

his first habeas corpus application was dismissed on September 30, 2009. He states that he first learned of the dismissal in the State's response to his motion for DNA testing and that that response was filed on November 16, 2010. On March 28, 2011, Petitioner wrote to the Court of Criminal Appeals inquiring about the status of his first state habeas application. *See* Dkt. No. 19-3 at 2. The Court of Criminal Appeals responded by a letter dated March 31, 2011, stating that Petitioner's writ application was dismissed on September 30, 2009 as noncompliant. *See* Dkt. No. 19-3 at 3. Petitioner states that he received that letter from the Court of Criminal Appeals on April 4, 2011. *See* Dkt. No. 25 at 3, 22. He also received a copy of the notice of dismissal. *See* Dkt. No. 25 at 4, 23.

Petitioner did not inquire about the status of his application in the Court of Criminal Appeals until March 2011, over one-and-one-half years after it was filed in July 2009 and over four months after Petitioner was informed by the State's pleading in November 2010 that the writ application had been dismissed. He was not diligent in inquiring about the status of his first state writ application.

Petitioner's limitations period was tolling during the pendency of his DNA proceeding, beginning September 5, 2009 through November 2, 2011. When Petitioner became aware in November 2010 that his first state habeas application had been dismissed, he still had time to file another state habeas application. In fact, he did so in June 2011. Unfortunately for Petitioner, the second state writ application did not toll the limitations period, because it was dismissed for noncompliance. But that was not due to the delay in receiving notice of the dismissal of the first state writ

application – rather, the dismissal of the second writ application was due to Petitioner's failure to comply with the state appellate rules in that writ application. Therefore, the failure to receive notice of the first dismissal in a timely manner did not cause Petitioner to file an untimely federal petition.

Petitioner contends that, in April 2011, he was notified only that his first application was not in compliance with Texas Rule of Appellate Procedure 73.1. He states that he was not notified of the specific reason that his first state writ application was dismissed for noncompliance until he received a letter from the Court of Criminal Appeals dated April 19, 2012, which was in response to a letter from Petitioner dated April 18, 2012. *See* Dkt. No. 25 at 5, 24, 27. In the April 2012 letter, the Court of Criminal Appeals explained that his first habeas application was dismissed because the supporting facts and/or the grounds for relief were not on the prescribed form. *See* Dkt. No. 25 at 5, 27. Petitioner states that, by then, he had already filed his second state habeas application and that it was not until he filed his third state application that he knew and was able to correct the specific errors that caused his first two state applications to be dismissed. *See* Dkt. No. 25 at 5.

Texas Rule of Appellate Procedure 73.1 provided that "[a]n application for post conviction habeas corpus relief ... must be made in the form prescribed by the Court of Criminal Appeals." TEX. R. APP. P. 73.1(a). Rule 73.1 also provided:

> The person making the application must provide all information required by the form. The information must specify all grounds for relief, and must set forth in summary fashion the facts supporting each ground.... Legal citations and arguments may be made in a separate memorandum.

-12-

Tex. R. App. P. 73.1(c).

Rule 73.1 made it clear that grounds for relief and supporting facts must be set out in the required application form and that a separate memorandum was permitted for citations and arguments. Petitioner's first two state habeas applications set out grounds, but not facts, in the application form. *See* Dkt. No. 20-1 at 11-12; Dkt. No. 21-2 at 12-14. It was Petitioner's obligation to comply with the state appellate rules in his first state habeas application. Nevertheless, by the time Petitioner filed his second state habeas application on June 23, 2011, he was on notice that his first state writ application was dismissed for noncompliance with Rule 73.1. Rather than comply with that rule, Petitioner repeated the noncompliance.

Moreover, when Petitioner was specifically notified in April 2012 of the reason for the noncompliance, his second state writ application was still pending. Rather than filing an amended second state application correcting the mistake and bringing his second writ application into compliance with Rule 73.1, Petitioner waited until the second application was dismissed in December 2012 before filing a state application in compliance with Rule 73.1 in March 2013.

In November 2010, Petitioner was aware that his first state habeas application may not have tolled the limitations period. That was confirmed in early April 2011. Therefore, he was aware at that time that the only state proceeding that was tolling the limitations period was his motion for DNA testing, which was filed on September 5, 2009, only a few days before his AEDPA limitations period was set to expire on September 9, 2009. Petitioner should have been aware that, if he were unsuccessful in

his DNA motion, he would only have five days after the date on which the appeal of the DNA motion ended in which to timely file a federal habeas petition.

When Petitioner filed his second state application in June 2011, while his DNA motion and appeal were pending, it was crucial that his state application comply with state appellate rules, particularly Rule 73.1, since his first state application was dismissed for noncompliance with that rule. Rather than complying with Rule 73.1, Petitioner's second state habeas application repeated the error that he made in the first application. When Petitioner was notified in April 2012 of the need to set out both grounds and supporting facts in the state writ application, Petitioner's appeal in the DNA motion proceeding had already been decided on November 2, 2011, when the Court of Criminal Appeals refused the petition for discretionary review.

Therefore, in April 2012, Petitioner should have been aware that his AEDPA limitations period expired on November 7, 2011, unless the limitations period was further tolled by his pending state habeas application. If that pending state writ application was not in compliance with Rule 73.1, it would be dismissed just as his first application was dismissed and his limitations period would have expired on November 7, 2011. Again, Petitioner did not seek to amend that second application to bring it in compliance with Rule 73.1, even though, by his own admission, he should have been aware by April 2012 of the exact nature of the noncompliance.

The fact that Petitioner's second state writ application filed on June 23, 2011 was not dismissed until December 5, 2012 does not entitle Petitioner to equitable tolling. Because that writ application was not in compliance with a state appellate rule,

it did not toll the limitations period, and the limitations period expired on November 7, 2011, shortly after Petitioner's appeal of the DNA proceeding was completed. The delay in deciding to dismiss the second writ application that occurred after November 7, 2011 did not matter. Thus, the only significant period of time is the approximate four-and-one-half-month delay between June 23, 2011, when the second writ application was filed, and November 7, 2011, when the AEDPA limitations period was set to expire if that second writ application did not toll the limitations period. Taking four-and-one-half months to rule that a state habeas application is not in compliance with state appellate rules does not warrant equitable tolling. *See Jones v. Stephens*, 541 F. App'x 499 (5th Cir. 2013) (delay of over six months in dismissing state writ application did not entitle petitioner to equitable tolling where only six months remained in the AEDPA limitations period when the state writ application was filed).

Petitioner has not shown he is entitled to equitable tolling. He has not shown that his federal habeas corpus petition was untimely filed due to a delay in notifying Petitioner his motion to withdraw his guilty plea was filed in the wrong case, or due to the delay in receiving notification of the dismissal of his first state habeas corpus application. It was Petitioner's failure to comply with the procedural rules for filing his first two state habeas corpus applications, instead of any action by the state courts, that caused him to file his federal petition untimely. *See Jones*, 541 F. App'x at 504.

Also, Petitioner did not show diligence that would entitle him to equitable tolling. Petitioner filed his first state writ application on July 11, 2009, which was ten months after his conviction became final on September 9, 2008.

Petitioner filed his second state writ application June 23, 2011, which was seven months after he learned in November 2010 that his first writ application had been dismissed and three months after the Court of Criminal Appeals confirmed in March 2011 that the first application had been dismissed. Petitioner also waited four months after November 2010, when he first learned about the dismissal, before writing to the Court of Criminal Appeals in March 2011.

Petitioner filed his third state application on March 8, 2013, which was three months after his second state application was dismissed on December 5, 2012. Petitioner filed his federal habeas petition on September 5, 2013, which was two months after his third state writ application was denied on July 3, 2013.

Petitioner failed to show he diligently pursued his rights such that he would be entitled to equitable tolling. *See Jones*, 541 F. App'x at 505 (district court did not abuse its discretion in finding a petitioner was not diligent where petitioner filed the first state application six months after the conviction was final, filed the second state application one month after his first state application was dismissed, and filed his federal petition two months after the second state application was denied).

### Recommendation

Petitioner's application for writ of habeas corpus should be dismissed with prejudice because it is barred by limitations.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 5, 2014

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE